**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

MARCUS JERMAINE BUCKNER                                              PLAINTIFF
ADC # 155065

      v.                                    4:22CV00066-BSM-JTK

SHANIRRIA ARMOSTER, et al.                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically Identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.     INTRODUCTION

Marcus Jermaine Buckner ("Plaintiff") is currently incarcerated in the Wrightsville Unit of the Arkansas Department of Correction.  He filed this action pro se pursuant to 42 U.S.C. § 1983. (Doc. No. 2.)  He sued Corporal Shanirria Armoster, Sergeant E. Nally, former Deputy Warden John Craig, Lieutenant Jeanette Townsend, Discipline Hearing Officers Justine Minor and Raymond Naylor, and ADC Directed Dexter Payne in their personal and official capacities.  (Id. at 1-2.)   According to Plaintiff's Complaint, Defendant Armoster filed a retaliatory false disciplinary against Plaintiff while Plaintiff was participating in a work release program in Benton. (Id. at 5-7.)  Plaintiff was found guilty on two of three charges and as a result lost good time.  (Id. at 12.)  Defendants Nally and Townsend allegedly knew the disciplinary was false.  (Id. at 8.) Plaintiff maintains Defendants Nally and Townsend had access to evidence that would establish the falsity of the report.  (Id. at 9.)

Plaintiff alleges Defendant Craig "failed to remedy [Plaintiff's] grievance filed against [Defendant] Armoster . . . [and] failed to overturn [Plaintiff's] disciplinary conviction on appeal." (Doc. No. 2 at 10.)

Plaintiff asserts that Defendant Minor violated Plaintiff's due process rights in a February 5, 2021 disciplinary hearing. (<u>Id</u>.) Defendant Minor allegedly ignored Plaintiff's mention of his witnesses and having video footage reviewed, and was "closed-minded and bias[ed]." (<u>Id</u>. at 11.) An unnamed discipline hearing administrator, presumably Defendant Naylor, "tacitly allowed [Defendant] Minor to violate [Plaintiff's] due process right[s]." (<u>Id</u>.) Plaintiff says he wrote to the administrator requesting that Defendant Armoster's disciplinary be investigated, but received no response. (<u>Id</u>. at 11-12.) Plaintiff further alleges that Defendant Payne "upheld the guilty verdicts of two of the three charges in spite of all [of Plaintiff's] compelling arguments." (<u>Id</u>. at 12.)

Plaintiff complains that as a result of his convictions, he lost good time that he has not been able to recover, and has been "prohibited from entering into any other program where [he] can become gainfully employed or beneficial to [him] for parole." (Doc. No. 2 at 12). Plaintiff asks that the Court order that Defendant Armoster's disciplinary against him be deemed false and removed from his institutional record. (<u>Id</u>. at 13.) Plaintiff also seeks damages "for [his] wrongful loss of good time and financial opportunities." (<u>Id</u>.).

After carefully reviewing Plaintiff's Complaint, the Court finds Plaintiff failed to state a claim upon which relief can be granted and recommend his Complaint be dismissed without prejudice.

## II.  SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or

malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.   ANALYSIS

As explained in further detail below, Plaintiff's Complaint fails to state a claim upon which relief may be granted.  His official capacity damages claims are barred by Eleventh Amendment immunity.  His claims are otherwise barred by the Supreme Court's ruling in Heck v. Humphrey, among other defects.

### A.    Official Capacity Claims

Plaintiff seeks damages.  (Doc. No. 2 at 13).  Plaintiff's official capacity claims are the equivalent of claims against the state of Arkansas; as such, Plaintiff's official capacity damages claims are barred by Eleventh Amendment.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  Accordingly, Plaintiff failed to state an official capacity damages claim on which relief may be granted.

**B.    Personal Capacity Claims**

Plaintiff alleges Defendant Armoster filed a retaliatory false grievance against him and, as a result, Plaintiff was convicted of disciplinary violations and lost good time, among other consequences.  (Doc. No. 2.)  Plaintiff alleges, in a nutshell, that the remaining Defendants' actions violated Plaintiff's rights in that they allowed the disciplinary proceedings to progress and the results to stand on appeal.  (Id.)

Plaintiff's claims are barred by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994).

As the United States Supreme Court has instructed:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 487.   This approach prevents "a collateral attack on the conviction through the vehicle of a civil suit."  Id. at 485 (internal citations omitted).  In other words, to succeed on his damages claim, Plaintiff must establish the unlawfulness of the length of his sentence, which is the type of claim barred by Heck.  See Portley-El v. Brill, 288 F.3d 1063, 1067 (8th Cir. 2002).

Additionally, Plaintiff contends that his disciplinary convictions, on top of costing him good time, prevent him from participating in any program beneficial to him when it comes to parole.  Plaintiff asks to have the disciplinary removed from his record.  But Plaintiff cannot challenge his conviction and the loss of his good time credit in this civil rights action; his only

federal recourse is <u>habeas</u> <u>corpus</u>.   See <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); <u>Edwards v.</u> <u>Balisok</u>, 520 U.S. 641, 645 (1997); <u>Sheldon v. Hundley</u>, 83 F.3d 231, 233 (8th Cir. 1996); <u>Wiggins</u> <u>v. Lockhart</u>, 825 F.2d 1237, 1238 (8th Cir. 1987) (state courts resolve challenges to way parole eligibility date determined).

Also, to the extent Plaintiff asserts Defendant Craig violated his rights by failing to remedy his grievance, Plaintiff has no liberty interest in the grievance procedure.   <u>Phillips v. Norris</u>, 320 F.3d 844, 847 (8th Cir. 2003).    Because Plaintiff has not alleged that a protected liberty interest was violated, he has failed to state a due process claim against Defendant Craig.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.    The Court recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

---

[1] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

IT IS SO RECOMMENDED this 28th day of January, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE